IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TYRESE CRAWFORD,<br><br>    *Petitioner*,<br><br>v.<br><br>CHARLES TRUITT, Warden, Stateville Correctional Center,<br><br>    *Respondent*. | )<br>)<br>)<br>)<br>)   No. 22 C 4748<br>)<br>)   Judge Sunil R. Harjani<br>)<br>)<br>)<br>) |

**ORDER**

    Tyrese Crawford petitions this Court for a writ of habeas corpus, claiming actual innocence requires his immediate release [16]. For the following reasons, the Court denies Crawford's petition.

**BACKGROUND**

    On November 4, 2007, Tyreese Crawford, along with Tony Benson, shot and killed Johnny Fraizer in Calumet Park, Illinois.[1] A jury found Crawford guilty of first-degree murder and armed robbery. He was subsequently sentenced to 46 years in prison.

**A.    Trial**

    At trial, Raven Bender testified to the events of November 4, 2007. Bender was Benson's girlfriend at the time of the murder. She stated that on that day, she and Fraizer (the deceased) had been driving around in Fraizer's minivan. Fraizer was the driver and he made multiple stops to sell drugs. Sometime after, they picked up Crawford and Benson, who wanted to buy some marijuana in Chicago. When they arrived in Chicago, Bender, Benson, and Fraizer all exited the van to purchase the marijuana. Crawford stayed behind. Sometime later, Bender and Benson both returned to the van, but Fraizer remained outside. At this point, Bender testified that she heard Crawford say to Benson: "Don't leave no evidence behind. This **** dead." She looked back and saw Crawford had a black and silver handgun on his lap. *Id.* Once Fraizer returned to the van, Crawford asked Fraizer to drive him back to Calumet Park. Bender testified that during the drive back, Fraizer was driving, she was sitting in the front passenger seat, Crawford was in the passenger seat behind Fraizer, and Benson was seated behind Bender. When they arrived in Calumet Park, Bender exited the van and began to walk away. At some point, she turned around and saw Crawford shoot Fraizer in the back of the head and run away. She then observed Benson rummage through Fraizer's pockets and run away in the same direction.

---

[1] The facts recounted here are taken from *People v. Crawford*, 2013 IL App (1st) 111345-U.

Marcus Clemons, who had known Fraizer for years, also testified at trial. He stated that, on the day of the murder, he saw Fraizer driving in Calumet Park. He confirmed that the three passengers were seated as Bender had described.

During the police investigation, Detective Anthony Beattie took and recorded Crawford's statement. His version of the events matched Bender's testimony up until the drive back to Calumet Park. Crawford stated that on the drive back, he was seated behind Bender, and Benson was seated behind Fraizer. When they arrived in Calumet Park, Crawford was getting ready to exit the van when Benson pulled up his shirt and revealed a gun. While Crawford was opening the door of the van to run away in fear, and while he was still in the van, he heard a shot and then ran away.

On October 29, 2010, the trial came to a close. The judge proceeded to provide the jury with the pertinent instructions, including an instruction on accountability. *Id.* The jury retired to deliberate at 4:43 p.m. and rendered a verdict at 11:05 p.m. that same day. During its deliberations, the jury forwarded several notes to the trial court regarding: (1) the law as to accountability; (2) a request for a transcript of Bender's testimony; (3) whether they would be able to return to deliberations on Monday if they were unable to reach a verdict that night; (4) a request for a "smoke break"; and (5) questions about obtaining medication needed from home.

The trial court responded to all these questions, generally after discussing them with the parties. The jury eventually indicated it had reached a verdict on one of the charges. However, with the agreement of the parties, the trial court advised the jury that they should continue to deliberate until they reached a verdict on both charges. The jury finally returned its verdict, finding Crawford guilty of first-degree murder and armed robbery.

Defense counsel timely filed a motion for a new trial. During a hearing on this motion, defense counsel raised an issue that was not included in the written motion: jury coercion. Counsel argued that the court's responses to the jury's questions as they struggled to reach unanimous verdicts, coupled with the fact that they rendered their verdict right "as the bus was pulling up to take them to [a] hotel" to be sequestered, suggested that the jury had been coerced to render its verdict. The trial court denied the defendant's motion. Crawford was sentenced to a total of 46 years' imprisonment.

**B.      Direct Appeal**

On direct appeal, Crawford again argued that the trial court's comments to the jury during deliberations amounted to jury coercion. Because the issue had not been included in Crawford's written motion to the trial court, he conceded that the issue had not been properly preserved for appeal, and requested the issue be reviewed for plain error. Applying that standard, the reviewing court rejected Crawford's arguments, finding "[t]he [trial] court was well within its discretion to instruct the jury as it did," and, more generally, that there was no evidence to support the claim of jury coercion.

2

C.  **Postconviction Petitions**

In October 2014, Crawford filed an initial postconviction petition (which was amended on November 20, 2015), claiming: (1) actual innocence based on new evidence showing Benson killed Fraizer; (2) jury coercion; (3) ineffective assistance of trial and appellate counsel to the extent that the attorneys failed to properly preserve the former issues for appeal; and (4) cumulative error. *People v. Crawford*, 2021 IL App (1st) 201310-U, ¶¶ 12, 14. The trial court dismissed all but the actual innocence claim, finding the claims were barred by collateral estoppel since they amounted to the previously-denied claim that the jury was improperly coerced. *Id.* at ¶ 15. The actual innocence claim moved to an evidentiary hearing. The trial court issued an oral ruling on the matter on October 10, 2020, rejecting Crawford's claim of actual innocence and denying his postconviction petition. *Id.* at ¶ 22. The trial court found that Benson's testimony, offered by Crawford, that he killed Frazier conflicted with Crawford's videotaped statement to the police. These discrepancies, coupled with the fact that Benson previously lied to law enforcement, and induced Bender and Clemons to provide false testimony, rendered him an unreliable witness. *Id.* at ¶ 19. Since Benson's affidavits and testimony were the basis of Crawford's actual innocence claim, the court dismissed the remaining claim. *Id.* at ¶ 22.

Crawford appealed the circuit court's ruling, arguing the court erred in dismissing his jury coercion and ineffective assistance of trial counsel claims, as well as his actual innocence claims. *Id.* at ¶ 23. The appellate court affirmed the dismissal of the jury coercion and ineffective assistance of trial counsel claims on the basis of collateral estoppel. *Id.* at ¶ 30. It also affirmed the dismissal of the actual innocence claim, finding the court did not err in concluding Benson was an unreliable witness. *Id.* at ¶ 49.

D.  **Habeas Petition**

On October 21, 2022, Crawford filed this *pro se* petition to vacate his sentence under 28 U.S.C. § 2254, claiming actual innocence. On February 3, 2023, Respondent Charles Truitt field his answer to Crawford's petition. Crawford replied on March 22, 2023 and for the first time raised a claim for ineffective assistance of counsel.

## STANDARD OF REVIEW

Title 28 U.S.C. § 2254 governs federal habeas corpus petitions by state prisoners. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits a federal court's ability to overturn state-court judgments under § 2254. Under § 2254(d)(1), a federal habeas court can grant relief only if the state court's decision "was contrary to, or involved an unreasonable application of . . . 'clearly established'" Supreme Court precedent. *Shoop v. Hill*, 586 U.S. 45, 58 (2019). To prevail on a habeas petition, a state prisoner must show that the state-court decision was "so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement." *Burt v. Titlow*, 571 U.S. 12, 19–20 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). This strongly deferential standard "erects a formidable barrier" for state prisoners seeking federal habeas relief. *Id*. at 19.

Alternatively, a federal habeas court may grant relief if the state court's decision "was unreasonable in light of the evidence presented in the state court proceeding." *Meyers v. Gomez*, 50 F.4th 628, 641 (7th Cir. 2022) (citing 28 U.S.C. § 2254(d)(2)). When presented with such a claim, reviewing courts presume that the state court's factual determinations were correct. To prevail on their claims, petitioners are tasked with rebutting this presumption "with clear and convincing evidence." *Id.* (citing *Shannon v. Hepp*, 27 F.4th 1258, 1268 (7th Cir. 2022)).

Finally, regarding actual innocence claims, the "Supreme Court has not recognized a petitioner's right to habeas relief based on a stand-alone claim of actual innocence," with a potential exception for death penalty cases. *Gladney v. Pollard*, 799 F.3d 889, 895 (7th Cir. 2015). (citing *McQuiggin v. Perkins*, 569 U.S. 303, 302 (2013)); *see also Arnold v. Dittmann*, 901 F.3d 830, 837 (7th Cir. 2015); *Perrone v. United States*, 889 F.3d 898, 903 (7th Cir. 2018).

## DISCUSSION

Crawford has not met the requirements set out under 28 U.S.C. § 2254 to assert a viable habeas claim because the Illinois Appellate Court's decision regarding Crawford's actual innocence claim was not "contrary to" or an "unreasonable application of . . . 'clearly established'" Supreme Court precedent. *Shoop*, 139 S. Ct. at 506. In reviewing Crawford's claim of actual innocence, both courts relied on the test established by the Illinois Supreme Court in *People v. Robinson*, 2020 IL 123849, ¶¶ 47–48. On appellate post-conviction proceedings, Crawford challenged the circuit court's denial of his claim arguing that the trial court: "(1) erred by allowing McCree's testimony and the [letters] into evidence at the hearing, (2) applied the wrong legal standard, (3) misconstrued certain evidence, and (4) manifestly erred in concluding that defendant's evidence would not likely have changed the result on trial." *People v. Crawford*, 2021 IL App (1st) 201310-U, ¶ 40. None of these challenges raised issues with the state courts' interpretation or application of Supreme Court precedent.

Furthermore, "[t]he Supreme Court has never held that actual innocence claims, standing alone—separate and apart from any constitutional error—could support habeas relief." *Cal v. Garnet*, 991 F.3d 843, 850 (7th Cir. 2021); *McQuiggin*, 569 U.S. at 392 ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claiming of actual innocence."). As a result, any application of the Supreme Court's precedent in this area of the law cannot be the basis for a habeas petition under § 2254(d)(1).

Additionally, the Illinois Appellate Court's decision on this issue was not "unreasonable in light of the evidence presented" on the record. The appellate court found the trial court did not err in dismissing Crawford's actual innocence claim based on the fact that Benson's testimony was not credible. *People v. Crawford*, 2021 IL App (1st) 201310-U, ¶ 56. This issue of credibility arose due to discrepancies between Benson's testimony and Crawford's videotaped statement. The appellate court found two discrepancies particularly troubling: (1) Crawford stated Benson showed him the gun before the shooting, while Benson testified he had not done so; and (2) Crawford stated he was still in the van when he heard the gunshot, while Benson testified that Crawford had already exited the van when he shot Fraizer. *Id.* at ¶ 51–52. The appellate court found that these were not "minor inconsistencies," and that the trial court had not erred in dismissing the claim since "Benson's testimony did not corroborate [Crawford's] rendition of events on this key issue."

4

*Id.* at ¶ 53. Benson's lack of credibility was further supported by the fact that he had previously lied to law enforcement regarding this case, and he had encouraged Bender and Clemons to provide false testimony *Id.* at ¶ 56. As a result, the record amply supports the trial court's dismissal of Crawford's actual innocence claims and the appellate court's subsequent affirmance.

Crawford does not provide any additional evidence in his petition that would allow this Court to override the presumption that the trial court did not err in making these factual determinations. As a result, Crawford has not asserted a viable claim under § 2254(d)(2). Because the requirements of neither § 2254(d)(1) nor § 2254(d)(2) have been met, this Court must dismiss Crawford's habeas petition.

Additionally, Crawford has raised an ineffective assistance of counsel claim for the first time in his reply brief. Crawford had ample opportunity to raise the issue in his petition [1] and then in his amended petition [16]. Both times he did not raise a claim for ineffective assistance of counsel. New grounds cannot be added in a reply brief because Section 2254 Habeas Corpus Rule 2(c)(1) requires that "[t]he petition must: (1) specify all the grounds for relief available to the petitioner." *See also O'Neal v. Reilly*, 961 F.3d 973, 974 (7th Cir. 2020) ("[W]e have repeatedly recognized that district courts are entitled to treat an argument raised for the first time in a reply brief as waived."); *Stechauner v. Smith*, 852 F.3d 708, 721 (7th Cir. 2017) (same); *Griffin v. Bell*, 694 F.3d 817, 822 (7th Cir. 2012) ("arguments raised for the first time in a reply brief are deemed waived"); *Hernandez v. Cook Cnty. Sheriff's Office*, 634 F.3d 906, 913 (7th Cir. 2011) (same); *United States v. Foster*, 652 F.3d 776 n. 5 (7th Cir. 2001) ("The reply brief is not the appropriate vehicle for presenting new arguments or legal theories to the court.").

For the reasons above, Crawford's motion to vacate his conviction and sentence under 28 U.S.C. § 2254 [16] is denied. Under 28 U.S.C. § 2253, "an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the circuit justice or judge first issues the certificate. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability may issue only when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing, a petitioner must show that "reasonable jurists could debate whether ... the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted). For the reasons discussed above, Petitioner has not made a substantial showing of the denial of a constitutional right; reasonable jurists would not debate whether the challenges in his habeas petition should have been resolved differently or determine that Petitioner deserves encouragement to proceed further with his habeas claims. *See Rutledge v. United States*, 230 F.3d 1041, 1047 (7th Cir. 2000).

Because Petitioner cannot make this showing, this Court denies a certificate of appealability. Petitioner may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

**SO ORDERED**

                                                             _____
                                                             Sunil R. Harjani
                                                             United States District Judge

Date: May 14, 2024